■ R. B. 818 MADISON AVENUE CORP. et al., Respondents, v. MARION WEIL REALTY CORP., Appellant, et al., Defendant.— Judgment, Supreme Court, New York County, entered on April 26, 1971, declaring the rights of the parties under a ground lease and awarding plaintiffs monetary damages, unanimously modified, on the law and on the facts, to the extent of eliminating all items of damages awarded, except as hereinafter indicated, and otherwise affirmed, without costs and without disbursements. Except for potential commercial rents lost, the damages awarded herein were not caused by defendant's unreasonable refusal to consent to alterations. The costs incurred by plaintiffs in buying out residential tenants, in anticipation of converting the certificate of occupancy to commercial use, were of plaintiffs' own choosing and would have been incurred even if consent to the alterations had been properly given. The Civil Court litigation, for which a counsel fee was awarded, was between the opposing parties hereto and did not involve a third party. Such fee is not recoverable herein. The amount awarded for lost rentals concededly covered both residential and commercial rents. Only the latter are recoverable, since residential rents would have been lost in any event upon conversion of the premises to commercial use. On this record the commercial rents lost cannot be segregated or computed. Accordingly, this matter is remanded for a trial on the limited issue of the potential commercial rents lost as a result of defendant's refusal to consent to alterations. Concur — Nunez, J. P., Kupferman, McNally and Capozzoli, JJ.

■ CARIBBEAN ATLANTIC AIRLINES, INC., Respondent, v. ROLLS-ROYCE LIMITED et al., Defendants, and GENERAL DYNAMICS CORPORATION, Appellant.— Order, Supreme Court, New York County, entered on October 5, 1971, granting plaintiff's motion to vacate defendant-appellant's notice to take the deposition of one Hernandez, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion denied, without costs and without disbursements. It would appear that the testimony of the witness sought to be deposed is material. In view of the trial preference heretofore granted, the deposition should proceed expeditiously and without undue delay. Settle order on notice. Concur — McGivern, J. P., Murphy, McNally, Steuer and Tilzer, JJ.

■

(January 25, 1972)

■ ANDY WARHOL, Respondent, v. ELEANOR WARD, Doing Business as STABLE GALLERY, Appellant.— Order, Supreme Court, New York County, entered on July 29, 1971, denying defendant's motion to dismiss the four causes of action in the complaint herein, unanimously modified, on the law, without costs and without disbursements, to the extent of dismissing the second cause of action, and otherwise affirmed. Unlike the other three causes of action, the basis of the second cause of action lies solely in conversion, and the act complained of in that cause of action is described by plaintiff, in paragraph "Thirteenth" of the complaint, as one which "constitutes a conversion * * * by DEFENDANT of PLAINTIFF'S property". Such cause of action is barred by the three-year Statute of Limitations applicable to conversion actions (CPLR 214, subds. 3, 4). Concur — Stevens, P. J., McGivern, Kupferman, Murphy and Capozzoli, JJ.